IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-157-D
No. 5:21-CV-412-D

DAVID KAREEM TURPIN,         )
                             )
                Petitioner,  )
                             )
         v.                  )         **ORDER**
                             )
UNITED STATES OF AMERICA,    )
                             )
                Respondent.  )

On October 12, 2021, David Kareem Turpin ("Turpin" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 91]. On December 14, 2021, the government moved to dismiss Turpin's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 97] and filed a memorandum in support [D.E. 98]. The next day, the court notified Turpin of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 99]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Turpin has not responded, and the time within which to do so has expired. See [D.E. 101]. As explained below, the court grants the government's motion to dismiss and dismisses Turpin's section 2255 motion.

I.

On May 1, 2018, pursuant to a written plea agreement, Turpin pleaded guilty to Hobbs Act robbery (count four) and brandishing a firearm in furtherance of a crime of violence and aiding and abetting (count five). See [D.E. 47, 48]; Rule 11 Tr. [D.E. 79] 2–33. On August 8, 2018, the court held Turpin's sentencing hearing and adopted the facts set forth in the Presentence Investigation

Report ("PSR"). See [D.E. 65, 71]; PSR [D.E. 62]; Sentencing Tr. [D.E. 78] 4–5. After granting the government's motion for an upward departure under U.S.S.G. § 5K2.21, the court calculated Turpin's offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 130 to 162 months' imprisonment on count four and 84 months' consecutive imprisonment on count five. See Sentencing Tr. at 5, 19–21. The court then thoroughly considered all relevant factors under 18 U.S.C. § 3553(a) and sentenced Turpin to 156 months' imprisonment on count four and 84 months' consecutive imprisonment on count five for a total term of 240 months' imprisonment. See id. at 21–26. Turpin appealed. See [D.E. 73]. On April 7, 2020, the United States Court of Appeals for the Fourth Circuit affirmed Turpin's sentence. See United States v. Turpin, 800 F. App'x 194 (4th Cir. 2020) (per curiam) (unpublished), cert. denied, 141 S. Ct. 1395 (2021).

In his section 2255 motion, Turpin argues his conviction for brandishing a firearm in furtherance of a crime of violence is defective because the indictment charged both the substantive offense and aiding and abetting the commission of the offense, but Turpin did not have a co-defendant that he could have aided and abetted. See [D.E. 91] 4. Put differently, Turpin challenges the sufficiency of the evidence on count five by arguing the government could not have proved that Turpin aided and abetted another person in brandishing a firearm in furtherance of a crime of violence. See id. The government moves to dismiss for failure to state a claim. See [D.E. 97, 98].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v.

2

Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Turpin failed to raise his aiding and abetting claim on direct appeal. See Turpin, 800 F. App'x at 194–95; [D.E. 91] 2. Thus, the general rule of procedural default bars Turpin from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Turpin has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

3

Alternatively, the collateral-attack waiver in Turpin's plea agreement bars the claim. In his plea agreement, Turpin agreed

> to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

[D.E. 48] ¶ 2(c). In light of Turpin's Rule 11 proceeding, the collateral-attack waiver is enforceable. See Rule 11 Tr. at 12, 24–25; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Turpin's claim falls within the collateral-attack waiver. Accordingly, the waiver bars the claim.

Alternatively, Turpin fails to state a claim under Rule 12(b)(6). Aiding and abetting is not a standalone offense but is instead an alternative theory of how a defendant can commit an offense. See United States v. Ali, 991 F.3d 561, 574 (4th Cir. 2021); United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). And the federal aiding and abetting statute, 18 U.S.C. § 2, "does not set forth an essential element of an offense." Ali, 991 F.3d at 574 (cleaned up); see Ashley, 606 F.3d at 143. The grand jury charged Turpin as a principal, and alternatively as an aider and abetter, in count five. See [D.E. 1] 6. At his arraignment, Turpin knowingly and voluntarily pleaded guilty as a principal to brandishing a firearm in furtherance of a crime of violence as charged in count five. See [D.E. 48] ¶ 3(a) (listing the elements of brandishing a firearm in furtherance of a crime of violence without listing aiding and abetting); Rule 11 Tr. at 29 (describing the offense without mentioning aiding and abetting). Moreover, the government proffered a sufficient factual basis to support Turpin's guilt

4

as a principal on count five. See Rule 11 Tr. at 30–32. "Therefore, because [Turpin] does not dispute that the evidence sufficed to convict him as a principal . . ., whether the evidence sufficed to convict him on the alternative aiding and abetting theory is irrelevant." United States v. Ealy, 363 F.3d 292, 298 (4th Cir. 2004); see Griffin v. United States, 502 U.S. 46, 56–57 (1991); United States v. Ath, 951 F.3d 179, 182 n.1 (4th Cir. 2020). Thus, the claim fails.

After reviewing the claim presented in Turpin's motion, the court finds that reasonable jurists would not find the court's treatment of Turpin's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 97], DISMISSES petitioner's section 2255 motion [D.E. 91], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 11 day of April, 2022.

JAMES C. DEVER III
United States District Judge

5

Case 5:17-cr-00157-D   Document 102   Filed 04/11/22   Page 5 of 5