IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-157-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID KAREEM TURPIN, ) | |
| ) | |
| Defendant. ) | |

On July 12, 2022, David Kareem Turpin ("Turpin" or "defendant"), through counsel, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 105] and filed a memorandum and documents in support [D.E. 106]. On July 26, 2022, the government responded in opposition [D.E. 109]. As explained below, the court denies Turpin's motion.

I.

On May 1, 2018, pursuant to a plea agreement [D.E. 44], Turpin pleaded guilty to Hobbs Act robbery (count four) and brandishing a firearm in furtherance of a crime of violence and aiding and abetting (count five). See [D.E. 47, 79]. On August 8, 2018, the court held Turpin's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 62]; [D.E. 65, 78]. After granting the government's motion for an upward departure under U.S.S.G. § 5K2.21, the court calculated Turpin's total offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 130 to 162 months' imprisonment on count four and 84 months' consecutive imprisonment on count five. See Sent. Tr. [D.E. 78] 5–21. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Turpin to 156 months' imprisonment on count four and 84

months' consecutive imprisonment on count five for a total of 240 month's imprisonment. See id. at 19–26; [D.E. 71]. On September 6, 2018 Turpin appealed his sentence [D.E. 73]. On April 7, 2020, the Fourth Circuit affirmed. See United States v. Turpin, 800 F. App'x 194 (4th Cir. 2020) (per curiam) (unpublished), cert. denied, 141 S. Ct. 1395 (2021); [D.E. 83, 84].

On October 12, 2021, Turpin moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 91]. On December 14, 2021, the government moved to dismiss [D.E. 97]. On April 11, 2022, the court dismissed Turpin's section 2255 motion. See [D.E. 102].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, ___ F.4th ___, ___, No. 21-6733, 2022 WL 17256572, at *3 (4th Cir. Nov. 29, 2022). This

2

requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and

3

compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On August 23, 2021, Turpin applied to his warden for compassionate release. See [D.E. 106-3]. On September 2, 2021, the warden denied Turpin's request. See id. Therefore, Turpin has satisfied the exhaustion requirement and the court considers Turpin's motion on the merits. See Muhammad, 16 F.4th at 130.

Turpin seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical condition (obesity, hypertension, hyperlipidemia, and his history of smoking), his release plan, his rehabilitative efforts, his time served, and his alleged lack of continued dangerousness. See [D.E. 106] 4–13; [D.E. 106-7] 9, 18, 31, 33, 43, 111, 126.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Turpin is 49 years old, is obese, has hypertension, has suffered from hyperlipidemia, and has a history of smoking. See [D.E. 106] 4–7. His medical conditions are under control. See [D.E. 106, 106-7].

Turpin argues that his medical conditions put him at heightened risk of serious infection or

4

death from COVID-19. See [D.E. 106] 4–7. However, Turpin received two doses of the Pfizer COVID-19 vaccine. See [D.E. 106] 7; D.E. [106-7] 70. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Turpin from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022

WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Turpin's medical conditions, his release plan, his rehabilitative efforts, his time served, and his alleged lack of continued dangerousness are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Turpin's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Turpin is 49 years old and is incarcerated for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence and aiding and abetting. See PSR ¶¶ 1–2, 7–10. On July 27, 2016, Turpin robbed a Walmart at gunpoint. During the armed robbery, Turpin covered the manager's face with his hand, led the manager into another room, and forced the manager to open the store's safe. See id. at ¶ 7. Turpin's latest violent criminal conduct is nothing new. See id. at ¶¶ 17–26. Before his federal conviction, Turpin had convictions for robbery (two counts), attempted robbery, criminal in possession of a weapon (two counts), criminal possession of stolen property, possession with intent to sell or deliver heroin, accessory after the fact to assault with a deadly weapon, uttering a forged instrument, and assault on a female. See id. Turpin has done poorly on parole and probation. See id. at ¶¶ 19, 22.

Turpin has a mixed record while federally incarcerated. Turpin has taken classes on money planning, parenting, and has worked towards his GED. See [D.E. 106] 11; D.E. [106-14]. Turpin

6

also has maintained consistent employment in the kitchen, the ground crew, and landscaping. See [D.E. 106] 11; [D.E. 106-13]. Turpin, however, incurred an infraction in 2022 for phone abuse. See [D.E. 106] 11; [D.E. 106-15].

The court must balance Turpin's serious and prolonged criminal conduct, his serious criminal history, his generally positive record in federal custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Turpin's potential exposure to COVID-19, his medical conditions, his release plan, his rehabilitative efforts, his time served, and his vaccinated status. Turpin has supposedly committed himself to make better choices and claims his rehabilitation and health conditions make him no longer a danger to the community. [D.E. 106] 8. Turpin has a release plan that includes living with his older brother in Massachusetts. See id. at 12; D.E. [106-16]. The court recognizes Turpin has a supportive family and has considered the letters they sent in support. See id.

The court rejects Turpin's claim that he is no longer a danger to society. See PSR ¶¶ 7–26; Sent. Tr. at 19–28. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Turpin's arguments, the government's persuasive response, the need to punish Turpin for his serious criminal behavior, to incapacitate Turpin, to promote respect for the law, to deter others, and to protect society, the court denies Turpin's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, 51 F.4th at 551–52; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948

7

F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 105].

SO ORDERED. This 6 day of December, 2022.

JAMES C. DEVER III
United States District Judge